## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD HASKELL, derivatively on behalf of LAMB WESTON HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS P. WERNER, BERNADETTE M. MADARIETA, PETER J. BENSEN, CHARLES A. BLIXT, ROBERT J. COVIELLO, RITA FISHER, ANDRE J. HAWAUX, W.G. JURGENSEN, HALA G. MODDELMOG, ROBERT A. NIBLOCK, NORMAN PRESTAGE, and MARIA RENNA SHARPE, <br><br> Defendants, <br><br> and <br><br> LAMB WESTON HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. |

### MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff Ronald Haskell ("Plaintiff"), by and through his undersigned attorneys, respectfully moves this Court, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware for leave to file the Verified Stockholder Derivative Complaint (the "Complaint") under seal. In support of this motion, Plaintiff states as follows:

1. This is a verified shareholder derivative action brought by Plaintiff on behalf of nominal defendant Lamb Weston Holdings, Inc. ("Lamb Weston" or the "Company") against certain officers and directors for breach of fiduciary duties and violations of securities laws.

1

2.     Preceding the preparation of the Complaint, Defendants produced to Plaintiff certain books and records of Lamb Weston pursuant to a Demand for Inspection of Books and Records Pursuant to 8 *Del. C.* § 220. These documents were produced to Plaintiff pursuant to an agreement that the documents were confidential (the "Confidentiality Agreement"). The unredacted Complaint directly quotes from and otherwise describes certain of the purportedly non-public and confidential documents produced by the Company and is subject to the Confidentiality Agreement.

3.     Therefore, Plaintiff requests the Court's permission to file his Complaint under seal. The Third Circuit held the common law right of access to judicial proceedings and records is "not absolute" and that "[c]courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 535 U.S. 589, 509 (1978)).

4.     "[T]he party seeking the…sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012). In the Third Circuit, "the focus of the inquiry is aimed at determining whether the party seeking to protect sealed judicial records has specifically demonstrated the need to keep the materials under seal." *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000). Based on Lamb Weston's representations that its document productions contain confidential information, the Court should allow Plaintiff to file the Complaint under seal.

**WHEREFORE**, Plaintiff respectfully requests leave of Court to file the Complaint under seal. Plaintiff will then promptly provide Lamb Weston with the Complaint to enable the Company to review it for any information that it beliefs is non-public, confidential, proprietary, or commercially sensitive, so that Plaintiff may file a redacted, public version of the Complaint. A proposed order is submitted herewith.

Dated: June 3, 2026

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net

*Attorneys for Plaintiff*